FILED
CLERK
2:37 pm, Jul 02, 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
MATTHEW RANDALL,

                Plaintiff,

      -against-

DISH NETWORK, LLC,

                Defendant.
---------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
2:17-cv-05428 (ADS)(GRB)

**APPEARANCES:**

**Abel L. Pierre, Esq.**
*Counsel for the Plaintiff*
140 Broadway, 46th Floor
New York, NY 10005

**Lester Schwab Katz & Dwyer LLP**
*Counsel for the Defendant*
100 Wall Street
New York, NY 10005
      By:    Dennis M. Rothman, Esq., Of Counsel

SPATT, District Judge:

On September 15, 2017, Matthew Randall ("Randall" or the "Plaintiff"), commenced this action against Dish Network, LLC ("Dish" or the "Defendant"), alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*; and the New York Fair Credit Reporting Act, N.Y. Gen. Bus. L. § 380 *et seq*.

Presently before the Court is a motion pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 12(b)(6), seeking to dismiss the complaint for failure to state a claim upon

1

which relief may be granted. For the reasons that follow, the Defendant's motion to dismiss is granted.

## I. FACTUAL BACKGROUND

Unless otherwise noted, the following facts are drawn from the Plaintiff's complaint, and for the purposes of the instant motion, they are construed in favor of the Plaintiff.

Randall is a Suffolk County resident who recently fell victim to an identity thief, who caused his credit score to decrease as much as twenty points, thus potentially impeding his access to credit.

On May 24, 2017, Randall received an alert from an identity monitoring company that there was suspected fraudulent use of his personal information. A requested credit report revealed that Dish obtained Randall's consumer credit report using Equifax, a consumer credit reporting agency. The Plaintiff alleges that an identity thief in Douglas, Georgia opened an account with Dish using his personal identification information. Randall has no ties to Georgia.

The Plaintiff immediately filed a local police report, presumably with the Suffolk County Police Department, an identity theft report with the Federal Trade Commission ("FTC"), and a dispute with Equifax's fraud division. Randall further disputed the fraudulent account with Dish via telephone and electronic mail. He communicated with a "Thomas" and "Victoria #80557" from Dish's fraud department, and sent emails to Philip McCutcheon, also from the fraud department. The complaint alleges that Dish has not conducted an investigation, taken any action regarding the fraudulent account, and has refused to release certain information.

Less than four months after discovering the fraudulent activity, the Plaintiff commenced the present action.

## II. DISCUSSION

### A. STANDARD OF REVIEW: FED. R. CIV. P. 12(B)(6)

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. *See, e.g.*, *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016); *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013); *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Bold Elec., Inc. v. City of N.Y.*, 53 F.3d 465, 469 (2d Cir. 1995); *Reed v. Garden City Union Free Sch. Dist.*, 987 F. Supp. 2d 260, 263 (E.D.N.Y. 2013).

Under the *Twombly* standard, the Court may only dismiss a complaint if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The Second Circuit has expounded that, after *Twombly,* the Court's inquiry under Rule 12(b)(6) is guided by two principles:

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and [d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009)).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to survive a motion to dismiss. FED. R. CIV. P. 8(a)(2). Under Rule 8, a complaint is not required to allege "detailed factual allegations." *Kendall v. Caliber Home Loans, Inc.*, 198 F. Supp. 3d 168, 170 (E.D.N.Y. 2016) (quoting *Twombly*, 550 U.S. at 555). "In

ruling on a motion pursuant to FED. R. CIV. P. 12(b)(6), the duty of a court 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (quoting *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998)). The Court "[is] not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

The Court notes that the Plaintiff's brief contains an outdated and erroneous standard of law for a motion to dismiss. The two cases quoted, *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147 (2d Cir. 2003), and *Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774 (2d Cir. 1984), are both Pre-*Twombly*. The Supreme Court's command that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," as set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), was overruled in 2007.

**B. CLAIM ONE**

While the Plaintiff contends that he "alleges two distinct sets of facts that result in different violations of [the FCRA]," his first two claims for relief as set forth in the complaint are identical to one another. Based on the pleading, it is largely unclear which claim or standard applies to which set of facts. Based on its reading of the complaint, the Court will construe the complaint as alleging a violation of 15 U.S.C. § 1681o for negligently obtaining a credit inquiry and a violation of 15 U.S.C. § 1681n for willful failure to investigate. This is the only plausible interpretation.

The FCRA ensures "that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality,

4

accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b). While it primarily regulates credit reporting agencies, the FCRA also protects consumers from "person[s]" who obtain consumer reports for an impermissible purpose. 15 U.S.C. § 1681b(f). Furnishers of credit information also have a duty to correct inaccuracies when notified by a consumer reporting agency, and must always provide accurate information. 15 U.S.C. § 1681s-2. Criminal liability is established for "knowingly and willfully obtain[ing] information … under false pretenses," 15 U.S.C. § 1681q, while civil liability is imposed for both willful and negligent noncompliance. 15 U.S.C. § 1681n-1681o.

Under the Plaintiff's first claim, Randall alleges that "[Dish] knowingly and willfully violated 15 U.S.C. § 1681q by purposely, surreptitiously and maliciously obtaining information on the Plaintiff from a consumer reporting agency under false pretenses." Compl. ¶ 45. 15 U.S.C. § 1681q provides: "Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined not more than $5,000 or imprisoned not more than one year, or both." While this is a criminal prohibition that does not explicitly grant a private right of action, § 1681o provides that a plaintiff may bring suit for negligent noncompliance with the statute and provides for actual damages. Under § 1681n, a plaintiff may bring a civil suit for willful noncompliance and recover actual as well as punitive damages.

The Plaintiff has not successfully alleged that Dish negligently violated § 1681q by allowing an identity thief to open an account and perform a consumer credit check on the Plaintiff's account. "A person cannot obtain information to which he has a right under false pretenses." *Scott v. Real Estate Fin. Group*, 183 F.3d 97, 100 (2d Cir. 1999). However, "a report requester does not violate Section 1681q by giving a false reason for its request if it has an independent legitimate

basis for requesting the report." *Id*. at 99. In other words, the Defendant is not liable under this provision of the FCRA if it obtained the consumer credit report for an independent, legitimate basis.

When Dish opened the account and performed the consumer credit check on Randall, it did so for independent legitimate purposes: (1) it "intend[ed] to use the information in connection with a credit transaction involving the consumer on whom the information [was] to be furnished and involve[ed] the extension of credit to, or review or collection of an account of, the consumer," and (2) it had a "legitimate business need for the information[.]" 15 U.S.C. § 1681b(a)(3). The FCRA authorizes the collection of credit reports by credit rating agencies to "a person which [the credit reporting agency] has reason to believe … otherwise has a legitimate business need for the information … in connection with a business transaction that is initiated by the consumer; or [] to review an account to determine whether the consumer continues to meet the terms of the account." 15 U.S.C. § 1681b(a)(3)(F).

These two independent legitimate bases, 15 U.S.C. § 1681b(a)(3)(A) & § 1681b(a)(3)(F), preclude liability. There is nothing in the complaint that indicates that Dish deviated from its typical procedures for the opening of an account. When a potential customer requests a new account, Dish requests a consumer credit check to be performed by a credit rating agency in order to evaluate that potential customer's creditworthiness. Furthermore, obtaining a consumer credit report helps the requester determine the proper identity of the report's subject in an effort to detect fraud or identity theft. While this security measure seems to have failed to prevent the identity thief in this particular circumstance from opening the account, this failure should not be confused for an indication that the report was obtained under false pretenses. *See, e.g.*, *Shotstack v. Diller*, No. 15-cv-2255, 2015 WL 5535808 (S.D.N.Y. Sept. 16, 2015). As Dish had a legitimate business

need for the information, which it believed in good faith involved a potential customer opening an account, the Defendant cannot be held liable under 15 U.S.C. § 1681q of the FCRA. 15 U.S.C. § 1681b(a)(3)(A) & § 1681b(a)(3)(F) provide the independent, legitimate bases to preclude liability.

Further, the Plaintiff has failed to allege anything even of a conclusory nature to indicate that Dish was negligent in requesting the report. Accepting all the allegations in the complaint as true and drawing all inferences in a light most favorable to the Plaintiff, there is nothing in the complaint to indicate that Dish knew or had reason to know that an identity thief was behind the account inquiry or that Dish had any reason to believe that the request was fraudulent. *See, e.g.*, *Shostack*, 2015 WL 5535808, at *10 ("At the time Lending Tree ran [the plaintiff]'s credit report, it had no reason to know that [the plaintiff] had not authorized the transaction. And contrary to the conclusory allegations in the amended complaint, there is nothing in the FCRA that imposes an affirmative duty on Lending Tree to call [the plaintiff] before running his credit report to verify that the information that it received online was ... valid ..." (internal quotation marks omitted)). As such, the Plaintiff's first cause of action fails to state a claim upon which relief may be granted.

The Court notes that the Plaintiff's brief misstates the "negligence standard" and its application to this case. Randall asserts that:

> [t]o prevail on a negligence claim under [15 U.S.C. § 1681], a plaintiff must establish that: (1) the defendant reported inaccurate information about the plaintiff; (2) the defendant was negligent in that it failed to follow reasonable procedures to assure the accuracy of its credit report; (3) the plaintiff was injured; and (4) the defendant's negligence caused the plaintiff's injury.

Docket Entry 24 (citing *Gorman v. Experian Info. Sols., Inc.*, No. 07 Civ. 1846, 2008 WL 4934047, at *4 (S.D.N.Y. Nov. 19, 2008)). However, *Gorman* only addresses the liability of *consumer reporting agencies under 15 U.S.C. § 1681e(b)* and is not meant as a general "negligence standard" for all of the FCRA. The portion of the FCRA at issue in *Gorman*, 15 U.S.C. § 1681e(b), which

is incorrectly cited in the Plaintiff's brief, ensures that consumer reporting agencies follow "reasonable procedures" to maintain accuracy in their reports. As this provision is wholly irrelevant to the instant claim, *Gorman* has no applicability to the instant facts.

Accordingly, the Plaintiff has failed to state a claim regarding his first cause of action. As such, his first claim is dismissed.

## C. CLAIM TWO

In the Plaintiff's second claim, Randall contends that Dish's inaction in resolving his credit amounts to intentional or reckless conduct and also violates 15 U.S.C. § 1681. The Court disagrees.

Randall does not specify in his complaint which statutory provision is at issue. Nevertheless, the Court construes the complaint to allege a violation of 15 U.S.C. § 1681s-2. However, as the Plaintiff does not specify whether he is alleging a violation of subsection (a) or (b) of 15 U.S.C. § 1681s-2, the Court will address both.

No private right of action exists under 15 U.S.C. § 1681s-2(a), which is enforced exclusively by governmental authorities. *See Trikas v. Universal Card Servs. Corp.*, 351 F. Supp. 2d 37, 44 (E.D.N.Y. 2005); *Elmore v. North Fork Bancorporation, Inc.*, 325 F. Supp. 2d 336, 339 (S.D.N.Y. 2004). Therefore, the Plaintiff has no right to sue based on any alleged violations of 15 U.S.C. § 1681s-2(a).

15 U.S.C. § 1681s-2(b) requires a furnisher of credit information,

> [a]fter receiving notice [of a dispute] ... with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, ... [to] (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a) (2) ...; [and] (C) report the results of the investigation to the consumer reporting agency.

"While the Second Circuit has not yet defined the specific contours of a furnisher's investigatory responsibility under this statute, courts have assumed a reasonableness standard for judging the adequacy of the required investigation." *Dickman v. Verizon Comms., Inc.*, 876 F. Supp. 2d 166, 172 (E.D.N.Y. 2012) (citing *Okocha v. HSBC Bank, USA, N.A.*, 700 F. Supp. 2d 369, 374 (S.D.N.Y. 2010)). However, in order for 15 U.S.C. § 1681s-2(b) to apply, a plaintiff must plead that the furnisher at issue received notice of a dispute from a credit reporting agency *See Ledgerwood v. Ocwen Loan Servicing LLC*, No. 15 Civ. 1944, 2015 WL 7455505 (E.D.N.Y. Nov. 21, 2015); *Dickman*, 876 F. Supp. 2d at 172; *Redhead v. Winston & Winston, P.C.*, No. 01 CIV. 11475, 2002 WL 31106934, at *5 (S.D.N.Y. Sept. 20, 2002) ("[The majority of] courts that have concluded that a private right of action exists under Section 1681s–2(b) have required a plaintiff to show that the furnisher received notice from a consumer reporting agency, as opposed to the plaintiff alone, that the credit information is disputed." (citing *Young v. Equifax Credit Info. Servs., Inc* ., 294 F.3d 631, 639-40 (5th Cir.2002)).

> The statute is "quite clear" that a violation can occur only if it "post-dates the furnisher's receipt of a report *from the credit reporting agency*. If Congress had meant to create liability for violations once the furnisher had notice from any source of the existence of a dispute, it would have been a simple matter to say so."

*Ritchie v. Northern Leasing Sys., Inc.*, No. 12-cv-4992, 2016 WL 1241531, at *16 (S.D.N.Y. Mar. 28, 2016) (quoting *Elmore*, 325 F. Supp. 2d at 340 (emphasis in original)).

In the instant complaint, the Plaintiff alleges that Randall notified his local police department, Equifax, and the FTC of the identity theft and credit inquiry. However, even reading the complaint in a liberal manner, the Plaintiff fails to contend that Equifax, the credit reporting agency ever notified Dish that there was a dispute regarding Randall or the fraudulent account. Without such an allegation, there is no "notice pursuant to section 1681(a)(2)." As there is no claim that Dish ever received proper notice, it is not subject to 15 U.S.C. § 1681s-2(b).

Accordingly, 15 U.S.C. § 1681s-2(b) is inapposite and the Defendant's motion to dismiss as it pertains to Count Two is granted.

### D. CLAIMS THREE & FOUR

The Court also dismisses the Plaintiff's New York Fair Credit Reporting Act claims. Although Randall has represented to the Defendant and to this Court that he "will be withdrawing his state law claims," he has yet to file a notice of dismissal, pursuant to Rule 41(a)(1). Regardless of the Plaintiff's failure to file the proper notice, despite his representations, he has also failed to address any of the Defendant's arguments in his opposition motion regarding the New York Fair Credit Reporting Act claims. A district court "may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed." *Williams v. Mirabal*, No. 11 Civ. 366, 2013 WL 174187, at *2 (S.D.N.Y. Jan. 16, 2013) (quoting *Lipton v. Cty. of Orange*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004)).

In light of the Plaintiff's failure to address these claims in his opposition papers to this motion, the above-mentioned claims are deemed abandoned. *See Romeo & Juliette Laser Hair Removal, Inc. v. Assara I LLC,* No. 08-CV-442, 2014 WL 4723299, at *7 (S.D.N.Y. Sept. 23, 2014) ("At the motion to dismiss stage ..., a plaintiff abandons a claim by failing to address the defendant's arguments in support of dismissing that claim."); *Robinson v. Fischer*, No. 09 Civ. 8882, 2010 WL 5376204, at *10 (S.D.N.Y. Dec. 29, 2010) ("Federal courts have the discretion to deem a claim abandoned when a defendant moves to dismiss that claim and the plaintiff fails to address in their opposition papers defendants' arguments for dismissing such a claim."); *Adams v. N.Y. Educ. Dep't.*, 752 F.Supp.2d 420, 426 (S.D.N.Y. 2010) ("Repeatedly, [the Plaintiffs'] papers fail to address substantive grounds raised by Defendants' motions, thereby supporting a finding that the underlying claims have been abandoned."); *Thomas v. Atl. Express Corp.*, No. 07

Civ.1978, 2009 WL 856993, at *2 (S.D.N.Y. Mar. 31, 2009) (dismissing the Plaintiff's due process claim after the Plaintiff failed to respond to the portion of the Defendant's brief that pertained to that claim); *Martinez v. Sanders*, No. 02 Civ. 5624, 2004 WL 1234041, at *2-3 (S.D.N.Y. June 3, 2004) (dismissing six of the Plaintiff's claims for failure to address the Defendant's relevant arguments in opposition papers); *Anti–Monopoly, Inc. v. Hasbro, Inc.*, 958 F. Supp. 895, 907 n.11 (S.D.N.Y. 1997) ("[T]he failure to provide argument on a point at issue constitutes abandonment of the issue ... which provides an independent basis for dismissal."), *aff'd*, 130 F.3d 1101 (2d Cir. 1997).

Accordingly, the Court grants the Defendant's motion to dismiss the third and fourth claims.

### III.  CONCLUSION

For the foregoing reasons, the Defendant's motion to dismiss is granted in its entirety. The Clerk of the Court is directed to close the case.

It is **SO ORDERED**:

Dated: Central Islip, New York

July 2, 2018

　　　　　　　　　　　　　　　　　　　　　　　　___/s/ Arthur D. Spatt___

　　　　　　　　　　　　　　　　　　　　　　　　ARTHUR D. SPATT

　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge